IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 11-cv-00975-WDM-MJW

McCLAVE STATE BANK, a Colorado corporation and Colorado state bank,

    Plaintiff,

v.

LYNN HART, a New Mexico resident, and
TEXAS BEEF LTD d/b/a TEXAS BEEF CATTLE CO., a Texas limited partnership,

    Defendants.

---

**ORDER ON MOTION TO REMAND**

---

Miller, J.

This case is before me on the Plaintiff's Motion to Remand (ECF No. 6). Defendants oppose the motion. Defendants removed this case to this Court on April 12, 2011 (ECF No. 1) on the basis of diversity jurisdiction, 28 U.S.C. § 1332. After Plaintiff filed its motion to remand, Defendants sought and were granted leave by Magistrate Judge Michael J. Watanabe to file an Amended Notice of Removal (ECF No. 20), averring that Defendant Lynn Hart is a resident and citizen of New Mexico and that Defendant Texas Beef Ltd ("Texas Beef") and all of its partners are citizens of Texas. Texas Beef has further provided affidavits from each of its partners in which the individuals identify their residence in Texas, the length of residence there, and state that they have no other residence and intend to continue to reside at these homes. Plaintiff is a citizen of Colorado. There is no dispute that the amount in controversy is sufficient to satisfy the requirements of 28 U.S.C. § 1332.

Plaintiff's motion to remand was based on its assertion that the original Notice of Removal was insufficient to demonstrate that Defendant Texas Beef is a citizen of Texas because it alleged Texas Beef was "incorporated in Texas" when in fact it is a limited partnership; this means that all the partners must be diverse. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 185 (1990). This alleged defect has been cured in the Amended Notice of Removal and affidavits. I am satisfied that Defendant has shown that all of the partners of Texas Beef are citizens of Texas.[1] I also note that to the extent the original allegations of Texas Beef's citizenship was defective by not including the citizenship of its partners, the Amended Notice, allowed by Magistrate Judge Watanabe, is consistent with 28 U.S.C. § 1653, which permits amendment of defective allegations of jurisdiction. It is also consistent with the Tenth Circuit's view that minor procedural defects should be curable even after the expiration of the thirty-day removal period. *Countryman v. Farmers Ins. Exch.*, No. 11-1066 (10th Cir., May 10, 2011).

There does not appear to be any dispute regarding the citizenship of Plaintiff or of Defendant Lynn Hart. Therefore, the allegations and evidence before me establish that the parties are citizens of different states and the amount in controversy is sufficient

---

[1] In its reply brief, Plaintiff argues that the Amended Notice of Removal is insufficient because it establishes only the residences of the general and limited partners of Texas Beef. I disagree. The Amended Notice and the affidavits together establish that the individual partners are domiciled in Texas, as shown by their present and, for several, their long-time residence there, the lack of other residence, and their present intent to continue to reside there. *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006) (an individual's state citizenship is equivalent to domicile and to establish domicile, "a person must be physically present in the state and intend to remain there."); *State Farm Mut. Auto Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile.").

to confer jurisdiction on this court pursuant to 28 U.S.C. § 1332.

Accordingly, it is ordered:

1.Plaintiff's Motion to Remand (ECF No. 6) is denied.

DATED at Denver, Colorado, on May 12, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge